Filed 2/7/22  P. v. De La Cruz CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE DE LA CRUZ,<br><br>    Defendant and Appellant. | B312111<br><br>(Los Angeles County<br>Super. Ct. No. BA198877) |

APPEAL from an order of the Superior Court of Los Angeles County, Kathleen Kennedy, Judge.  Dismissed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for respondent.

In 2002, a jury convicted defendant and appellant Jose De La Cruz of first degree murder. (Pen. Code, § 187, subd. (a)[1].) The jury found true the allegations that defendant personally used and personally discharged a firearm. (§ 12022.53, subd. (b) & (c).) The trial court sentenced defendant to 25 years to life plus 20 years in state prison. On October 8, 2003, a prior panel of this division affirmed defendant's judgment. (*People v. De La Cruz* (Oct. 8, 2003, B158884) [nonpub. opn.].)

On March 20, 2020, defendant filed a petition for resentencing pursuant to Senate Bill No. 1437 and section 1170.95.

On April 21, 2020, the trial court appointed counsel to represent defendant.

On November 10, 2020, the Los Angeles County District Attorney filed an opposition to defendant's petition that included as exhibits the appellate opinion referenced above and a transcript of the oral jury instructions given at defendant's trial. The District Attorney argued, among other things, that defendant's petition failed to make a prima facie showing for relief because the jury was not instructed on felony murder or the natural and probable consequences doctrine.

On February 22, 2021, defendant filed a response to the District Attorney's opposition requesting the trial court to issue an order to show cause and hold an evidentiary hearing. In his response, defendant conceded the jury was not instructed on felony murder or the natural and probable consequences doctrine, but argued the jury was instructed on lying in wait murder which

---

[1]     All further statutory references are to the Penal Code.

"imputes malice, just like the natural and probable consequences doctrine."

At the April 8, 2021, hearing on defendant's petition, the trial court found there was no prima facie evidence that defendant was entitled to relief. Rejecting defendant's lying in wait argument, it reasoned that jurors do not "find a lying in wait special circumstance true unless [they] also are finding that the person is lying in wait for the purpose of gaining an advantage and—in committing the murder. [¶] And so this is a wholly different kind of situation than a felony murder or a natural and probable consequences theory." (See § 189, subd. (a); *People v. Sandoval* (2015) 62 Cal.4th 394, 416 [in addition to being a special circumstance, lying in wait "is a means of proving first degree murder. 'Lying in wait is the functional equivalent of proof of premeditation, deliberation, and intent to kill.' [Citation.]"].)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief in which she did not identify any arguable issues and requested that we follow the procedure set forth in *People v. Wende* (1979) 25 Cal.3d 436 and independently review the record on appeal for arguable issues. On September 21, 2021, we notified defendant that appointed appellate counsel had filed a brief that raised no issues and he had 30 days within which to brief independently any grounds for appeal, contentions, or arguments he wanted us to consider. Defendant did not file a supplemental brief.

Because defendant has appealed the denial of postconviction relief and has not filed a supplemental brief, we dismiss his appeal as abandoned. (*People v. Cole* (2020) 52

3

Cal.App.5th 1023, 1039–1040, review granted Oct. 14, 2020, S264278.)

## **DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

MOOR, J.